UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff; | ) ) ) |
| vs. | ) Case No. ) ) |
| CAROL R. HAYLES, | ) ) |
| JASMINE S. HAYLES, | ) ) |
| CIARRA N. HAYLES, | ) ) |
| ROBERT PARSON, JR., and | ) ) |
| PAULE, CAMAZINE & BLUMENTHAL, P.C.; | ) ) |
|     Defendants. | ) ) |

**COMPLAINT**

COMES NOW the United States of America, acting on behalf of its agency, the United States Small Business Administration (the "SBA"), by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Joshua M. Jones, Assistant United States Attorney for said District, and for its Complaint, states as follows.

**JURISDICTION AND VENUE**

1. This is a civil action brought by the United States of America to recover funds owed to the United States pursuant to Federal Priority Statute, 31 U.S.C. § 3713. Additionally, this action is brough by the United States for conversion and unjust enrichment.

2. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391

3. Divisional venue is proper in the Eastern Division pursuant to L.R. 3-2.07(A)(1).

1

**PARTIES**

4. The Plaintiff is the United States of America, acting on behalf of its agency, the U.S. Small Business Administration.

5. Defendant Carol R. Hayles is a natural person who is a resident of St. Louis City, Missouri. Defendant Carol R. Hayles is a "representative of a person or an estate paying any part of a debt of the estate before paying a claim of the Government," and is therefore liable to the United States "to the extent of the payment for unpaid claims of the Government." 31 U.S.C. § 3713(b).

6. Defendant Jasmine S. Hayles is a natural person who is a resident of St. Louis City, Missouri.

7. Defendant Ciarra N. Hales is a natural person who is a resident of St. Louis City, Missouri.

8. Defendant Robert Parson, Jr., is an attorney licensed to practice law in the State of Missouri (Mo. Bar No. 48821) and has an office in St. Louis County, Missouri. Upon information and belief, Defendant Robert Parson, Jr., is a natural citizen who is a resident of St. Louis County, Missouri. Defendant Robert Parson, Jr., is a "representative of a person or an estate paying any part of a debt of the estate before paying a claim of the Government," and is therefore liable to the United States "to the extent of the payment for unpaid claims of the Government." 31 U.S.C. § 3713(b).

9. Defendant Paule, Camazine & Blumenthal, P.C. ("Paule, Camazine & Blumenthal"), is a professional corporation licensed with the Missouri Secretary of State (Charter No. P00387762) and has its principal place of business located in St. Louis County, Missouri. Defendant Paule, Camazine & Blumenthal is a "representative of a person or an estate paying any

part of a debt of the estate before paying a claim of the Government," and is therefore liable to the United States "to the extent of the payment for unpaid claims of the Government." 31 U.S.C. § 3713(b).

### FACTS COMMON TO CALL COUNTS

SBA Loan to William Hayles, III

10. On or about June 29, 2020, the SBA issued a loan to William Hayles, III, doing business as Corvus Janitorial, pursuant to its Economic Injury Disaster Loan ("EIDL") program.

11. This loan was made as part of the various loan programs funded by the United States taxpayers to relief the economic burdens caused by the COVID-19 pandemic.

12. The original loan balance was fifty-seven thousand dollars ($57,000.00).

13. To secure the EIDL loan, William Hayles, III, doing business as Corvus Janitorial, executed a security agreement pledging certain personal property as collateral for the loan. The SBA perfected its security agreement by filing a UCC Financing Statement with the Missouri Secretary of State on July 8, 2020 (file number 202007080000347994).

14. As of January 28, 2025, the balance due on the EIDL loan referenced above was $58,782.19, including principal and accrued interest. However, the balance continues to accrue additional interest for every day it remains unpaid.

15. William Hayles, III, passed away on April 2, 2024.

Probate Estate of William Hayles, III

16. On August 5, 2024, a probate case was opened for William Hayles, III, in the Circuit Court of St. Louis City, Missouri. *See In re Estate of William Hayles, III*, Case No. 2422-PR00463 (St. Louis City, Missouri) (the "Probate Case").

17. Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal, filed the necessary pleadings to open the probate case.

18. In the Probate Case, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal, represented Defendant Carole R. Hayles in her capacity as personal representative of the estate of William Hayles, III. Throughout the Probate Case, as detailed herein, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal filed documents and pleadings to ensure that the entirety of the estate funds were used to pay other debts before paying the claims and debts of the United States of America, in violation of 31 U.S.C. § 3713(a) and Missouri law. Accordingly, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal were "representatives" of "a person or an estate," as that phrase is used in 31 U.S.C. § 3713(b), "paying any part of a debt of the person or estate before paying a claim of the Government."

19. As detailed herein, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal, knew of the debts owed by William Hayles, III, doing business as Corvus Janitorial, to the SBA. Moreover, as detailed herein, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal knew of the SBA's claim against the estate of William Hayles, III. Nevertheless, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal made the decision to disregard the claims of the SBA and the debts owed to the SBA and, instead, pay other debts ahead of paying the claim of the United States in violation of 31 U.S.C. § 3713(a) and Missouri law.

20. Upon information and belief, throughout the Probate Case, Defendant Robert Parson, Jr., was acting within the scope of his employment with Defendant Paule, Camazine & Blumenthal. In any event, both Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal were representatives of a person or an estate and were responsible for paying "any part of a debt of the person or estate before paying a claim of the" United States.

21. As the personal representative of the estate of William Hayles, III, Defendant Carol R. Hayles was a "representative of a person or an estate" responsible for "paying any part of a debt of the person or estate before paying a claim of the" United States. As detailed herein, Defendant Carol R. Hayles executed documents that paid the entirety of the estate ahead of the debts owed to the United States.

22. Upon information and belief, Defendant Carol R. Hayles knew of, should have known, and/or consciously disregarded the claims and debts of the United States.

23. Defendants Carol R. Hayles, Jasmine S. Hayles, and Ciarra N. Hayles were identified in pleadings as the heirs to the estate of William Hayles, III. In an Application for Letters of Administration filed on August 5, 2024, Defendant Carol R. Hayles was listed as the spouse of William Hayles, III, and entitled to a 50% distribution of the estate. In the same pleading, Defendant Jasmine S. Hayles is listed as the daughter of William Hayles, III, and entitled to a 25% distribution of the estate. Defendant Ciarra N. Hayles is listed as the daughter of William Hayles, III, and entitled to a 25% distribution of the estate. *See* Attached Exhibit A.

24. In an amended pleading filed on August 22, 2024, Defendant Carol R. Hayles is identified as being owed $20,000 plus 50% of the balance of the estate; Defendant Jasmine S. Hayles is listed as being owed 25% of the balance of the estate; and Defendant Ciarra N. Hayles is listed as being owed 25% of the balance of the estate. *See* Attached Exhibit B.

25. In an amended pleading filed on August 26, 2024, Defendant Carol R. Hayles is identified as being owed $20,000 plus the "first" 50% of the balance of the estate; Defendant Jasmine S. Hayles is listed as being owed 25% of the balance of the estate; and Defendant Ciarra N. Hayles is listed as being owed 25% of the balance of the estate. *See* Attached Exhibit C. The

only discernable difference between Exhibit B, the amended pleading filed on August 22, 2024, and Exhibit C, the amended pleading filed on August 26, 2024, is the addition of the word "first."

26. In a document entitled "Letters of Administration," Commissioner Jill M. Hanley, signing on behalf of the Clerk of the Probate Division for the Circuit Court of St. Louis City, Missouri, declared that Defendant Carol R. Hayles is the personal representative of the estate of William Hayles, III. *See* Attached Exhibit D.

27. On February 24, 2025, the SBA filed a claim in the Probate Case for the full balance of the amounts owed. *See* Attached Exhibit E.

28. On July 8, 2025, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal, filed a notice of hearing on behalf of Defendant Carole R. Hayles, in her capacity as personal representative of the estate of William Hayles, III, in which they indicated (among other things) that the claim of the SBA "will be heard on July 30, 2025, at 11:00 am, pursuant to the Court's Order for Hearing, a copy of which is attached." *See* Attached Exhibit F.

29. Despite representations to the contrary, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal did not attach the "Court's Order for Hearing" to the notice of hearing.

30. There was no motion or objection filed in the Probate Case putting the SBA on notice that any party was objecting to the SBA's claim. The notice of hearing did not reference any pleading that would put the SBA on notice that relief was being sought.

31. The notice of hearing was sent to the SBA at an address in Fort Worth, Texas. *See* Attached Exhibit F.

32. The notice of hearing was *not* sent to the U.S. Department of Justice, the Attorney General of the United States, the SBA's official location in Washington, D.C., or the United States Attorney for the Eastern District of Missouri.

33. In an email dated July 18, 2025, Defendant Robert Parson, Jr., expressed to employees of the SBA that, "We are not objecting to your claim."

34. On July 31, 2025, the Probate Division of the Circuit Court of St. Louis City, Missouri, entered an order denying the SBA's claim. *See* Attached Exhibit G (the "Order Denying Claim").

35. The Order Denying Claim was entered despite lack of proper notice to the SBA, Department of Justice, Attorney General, and United States Attorney.

36. The Order Denying Claim was entered despite Defendant Robert Parson, Jr.'s, representations to the SBA that, "We are not objecting to your claim."

37. The Order Denying Claim was entered despite no objection or motion having been filed putting the SBA on notice that relief was being sought against it.

38. The Order Denying Claim was entered even though Missouri law appears to exempt the United States from having to file a claim. *See* MO. REV. STAT. 473.360 (all claims against the estate of a deceased person, "other than costs and expenses of administration, exempt property, family allowance, *claims of the United States* and claims of any taxing authority within the United States" must be filed within six months after the first published notice of letters testamentary or of administration) (emphasis added).

39. The Order Denying Claim was entered even though Missouri law requires payment of claims of the United States. *See* MO. REV. STAT. 473.397(5).

40. Most importantly, the Order Denying Claim was entered even though federal law requires the United States be paid. *See* 31 U.S.C. § 3713(a) (a claim of the United States "shall be paid first" when the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor").

7

41. As sophisticated attorneys, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal, could have or should have known that state and federal law require payment of debts owed to the United States ahead of any other debts. Indeed, at a hearing in Probate Court on January 23, 2026, Defendant Robert Parson, Jr., argued that the cover letter attached to the SBA's claim, *see* Attached Exhibit E, stated only that "claims" and not "debts" could not be paid ahead of the United States. Regardless of what the cover letter might say, the language of the statute controls, and Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal could have and should have reviewed the statutory requirements before paying debts ahead of the United States, rather than rely solely on a cover letter.

42. Importantly, the Commissioner assigned to the Probate Case did not make any findings of fact or conclusions of law in her order denying the SBA's claim. For example, there was no finding that the SBA's claim was invalid, or that the debt owed to the SBA by William Hayles, III, doing business as Corvus Janitorial, was invalid. Moreover, the United States of America contends that the Commissioner would not have had the authority to invalidate or find that the debt owed by William Hayles, III, doing business as Corvus Janitorial, to the SBA was invalid.

43. On October 6, 2025, Defendants Robert Parson, Jr., and Paule, Camazine & Blumenthal filed a "Statement of Account." *See* Attached Exhibit H.

44. Defendant Carol R. Hayles signed the Statement of Account in her capacity as personal representative of the estate of William Hayles, III. *See* Attached Exhibit H.

45. In the Statement of Account, Defendants Robert Parson, Jr., Paule, Camazine & Blumenthal, and Carol R. Hayles listed the following receipts and disbursements for the estate of William Hayles, III.

| Receipts | Amount |
|---|---|
| Balance of Personal Property Only Per Inventory or Last Settlement | $6,350.00 |
| Sale of 8015 Hicks Avenue | $91,917.34 |
| Sale of 1984 Chevy Corvette | $0.00 |

| Disbursements | Amount |
|---|---|
| Distribution of 1979 Roadster to Carol Hayles | $1,000.00 |
| Remaining Exemption to Carol Hayles | $19,000.00 |
| Reimbursement to Carol Hayles for Funeral | $14,217.77 |
| Various Estate Expenses | $900.00 |
| Reimbursement to Carol Hayles for Cost Deposit Paid | $1,500.00 |
| PR Fee to Carol Hayles | $3,191.02 |
| Attorney Fees (to be paid) | $5,932.19 |

46. After payment of these expenses, there remained a balance of $52,526.36 in the estate of William Hayles, III (the "Remaining Balance").

47. In the Statement of Account, Defendants Robert Parson, Jr., Paule, Camazine & Blumenthal, and Carol R. Hayles identified the following distributions from the Remaining Balance:

| Heir/Devisee | Payment |
|---|---|
| Carol R. Hayles | $26,263.18 |
| Jasmine S. Hayles | $13,131.59 |
| Ciarra N. Hayles | $13,131.59 |

48. Despite Missouri and federal law requiring payment to the SBA, no funds were paid to the SBA on account of the amounts owed to it by the estate of William Hayles, III.

49. Throughout the Probate Case, Defendants Robert Parson, Jr., Paule, Camazine & Blumenthal, and Carol R. Hayles each were "representatives of a person or an estate" and paid debts from the estate of William Hayles, III, before paying a claim owed to the United States.

9

50. A hearing was held on January 23, 2026, in the Probate Case on the United States of America's motion to set aside the order denying the SBA's claim. During that hearing, it was suggested that the United States should be required to send an attorney to every probate hearing in the Eastern District of Missouri in which the United States has an interest. The U.S. Attorney's Office expressed concerns, in part because of the staffing and resources issue, and in part because federal law requires payment of the government's claims regardless of whether an attorney appears or not.

51. The U.S. Attorney's Office expressed that if it were required to produce an attorney at every probate hearing across the entire Eastern District of Missouri, that it would have no choice but to remove those probate matters to federal court in order to preserve its resources while at the same time performing its responsibility of protecting taxpayer assets. That would, of course, put an incredible (and statutorily unnecessary) strain on the resources of the U.S. District Court and its judges and staff.

52. At the conclusion of the January 23, 2026, hearing, the Commissioner advised that she take the matter under advisement. As of the date of this Complaint, the Commissioner has yet to rule on the United States' motion. However, her ruling has no bearing on this lawsuit, because the estate funds have already been dispersed to other parties and dissipated. Further, because the Commissioner had no authority—in the view of the United States—to determine the validity of the debt owed to the SBA (and certainly did not do so in her order denying the claim, entered without notice to the United States or the SBA), her ruling on the motion to set aside does not impact this litigation whatsoever.

## COUNT I—VIOLATION OF 31 U.S.C. § 3713
### (AGAINST DEFENDANTS CAROL R. HAYLES; ROBERT PARSON, JR.; AND PAULE, CAMAZINE & BLUMENTHAL)

53. The United States incorporates the allegations and averments contained in Paragraphs 1-52 as if fully set forth herein.

54. Pursuant to 31 U.S.C. § 3713(a)(1)(B), a claim of the United States Government shall be paid first when the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.

55. Pursuant to 31 U.S.C. § 3713(b), a "representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government."

56. The United States Supreme Court has instructed that the terms of Section 3713 should be interpreted broadly, to achieve Congress' goal of seeing that funds owed to the United States are paid. *United States v. Moore*, 423 U.S. 77, 80-86 (1975).

57. The Supreme Court has further clarified that the purpose of the federal priority statute is "to make those into whose hands control and possession of the debtor's assets are placed, responsible for seeing that the Government's priority is paid." *King v. United States*, 379 U.S. 329, 337 (1964).

58. Courts have held that representatives are liable under Section 3713(b) if the representative transferred assets of the estate before paying a claim of the United States. This can be shown by evidence that the representative transferred the assets to himself or others. *United States v. McNicol*, 829 F.3d 77, 81 (1st Cir. 2016).

59. The SBA, an agency of the United States government, was owed $58,782.19 from the estate of William Hayles, III.

60. Defendants Robert Parson, Jr., Paule, Camazine & Blumenthal, and Carol R. Hayles were not acting as trustees under Title 11 (a.k.a., the United States Bankruptcy Code) when they paid funds from the estate of William Hayles, III, before paying claims of the United States.

61. Defendant Carol R. Hayles was the personal representative of the estate of William Hayles, III, that paid debts of the estate ahead of the claims of the United States and is therefore liable to the United States pursuant to 31 U.S.C. § 3713(b). *United States v. Coppola*, 85 F.3d 1015, 1020 (2nd Cir. 1996) (executor's distribution of estate assets to family members, rendering estate insolvent, before satisfying tax debt owed to the United States violated 31 U.S.C. § 3713(b) and made the personal representative liable for the taxes); *United States v. Estate of Kime*, 950 F. Supp. 950, 954 (D. Neb. 1996) (same).

62. Defendant Robert Parson, Jr., was a "representative of a person or an estate" that paid that paid debts of the estate from the estate of William Hayles, III, ahead of the claims of the United States, and is therefore liable to the United States pursuant to 31 U.S.C. § 3713(b).

63. Defendant Paule, Camazine & Blumenthal was a "representative of a person or an estate" that that paid debts of the estate funds from the estate of William Hayles, III, ahead of the claims of the United States, and is therefore liable to the United States pursuant to 31 U.S.C. § 3713(b).

64. The funds in the estate of William H. Hayles, III, were insufficient to pay all debts owed by the estate.

65. Defendants Carol R. Hayles; Robert Parson, Jr.; and Paule, Camazine & Blumenthal paid debts of the estate of William Hayles, III, before paying the United States, in violation of 31 U.S.C. § 3713(a)(1)(B).

WHEREFORE, the United States prays this Court enter judgment in its favor and against Defendants Carol R. Hayles; Robert Parson, Jr.; and Paule, Camazine & Blumenthal in the amount of $58,782.19 plus interest accrued at the appliable statutory rate, and award the United States all such other relief as may be appropriate and just.

### COUNT II—CONVERSION
### (AGAINST DEFENDANTS CAROL R. HAYLES; JASMINE S. HAYLES; AND CIARRA N. HAYLES)

66. The United States incorporates the allegations and averments contained in Paragraphs 1-65 as if fully set forth herein.

67. Under Missouri law, a plaintiff must establish that (1) the plaintiff owned the property or was entitled to possess it; (2) the defendant took possession of the property with the intent to exercise some control over it; and (3) the defendant thereby deprived the plaintiff of the right to possession. *Levine Hat Co. v. Innate Intelligence, LLC*, 538 F. Supp. 3d 915, 923 (E.D. Mo. 2021).

68. The SBA was entitled to full payment of its claim filed in the Probate Case, plus applicable accrued interest, pursuant to 31 U.S.C. § 3713(a)(1)(B). Thus, the SBA was entitled to possess the funds held in the Probate Case.

69. Defendants Carole R. Hayles, Jasmin S. Hayles, and Ciarra N. Hayles took possession of the funds held in the Probate Case with the intent to exercise control over the funds.

70. Defendants Carole R. Hayles, Jasmin S. Hayles, and Ciarra N. Hayles deprived the SBA of its right under 31 U.S.C. § 3713(a)(1)(B) to the funds.

71. Defendant Carol R. Hayles converted the SBA's property by executing documents claiming entitlement to funds otherwise that were supposed to be paid to the SBA pursuant to 31 U.S.C. § 3713(a)(1)(B). For example, Defendant Carol R. Hayles signed the Statement of Account attached hereto as Exhibit F, claiming entitlement to the payments described therein, when those funds were supposed to be paid to the SBA.

72. Defendant Jasmine S. Hayles converted the SBA's property by executing documents claiming entitlement to funds otherwise that were supposed to be paid to the SBA pursuant to 31 U.S.C. § 3713(a)(1)(B). For example, Defendant Jasmine S. Hayles signed the Statement of Account attached hereto as Exhibit F, claiming entitlement to the payments described therein, when those funds were supposed to be paid to the SBA.

73. Defendant Ciarra N. Hayles converted the SBA's property by executing documents claiming entitlement to funds otherwise that were supposed to be paid to the SBA pursuant to 31 U.S.C. § 3713(a)(1)(B). For example, Defendant Ciarra N. Hayles signed the Statement of Account attached hereto as Exhibit F, claiming entitlement to the payments described therein, when those funds were supposed to be paid to the SBA.

WHEREFORE, the United States prays this Court enter judgment in its favor and against Defendants Carol R. Hayles; Jasmine S. Hayles; and Ciarra N. Hayles in the amount of $58,782.19 plus interest accrued at the appliable statutory rate and award the United States all such other relief as may be appropriate and just.

### COUNT III—UNJUST ENRICHMENT
### (AGAINST DEFENDANTS CAROL R. HAYLES; JASMINE S. HAYLES; AND CIARRA N. HAYLES)

74. The United States incorporates the allegations and averments contained in Paragraphs 1-73 as if fully set forth herein.

75. To prevail on its claim for unjust enrichment, the United States must establish that (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention of the benefit under such circumstances that it would be inequitable for defendant to retain the benefit without paying the value thereof. *Level one Tech., Inc. v. Penske Truck Leasing Co., L.P.*, 2018 WL 558428, at *6 (E.D. Mo. Jan. 25, 2018).

76. The United States conferred a benefit to Defendants Carol R. Hayles, Jasmin S. Hayles, and Ciarra N. Hayles via a taxpayer funded loan made to William Hayles, III, which was never repaid.

77. Defendants Carole R. Hayles, Jasmin S. Hayles, and Ciarra N. Hayles, have appreciated such benefit in that each received a payment from the estate of William Hayles, III, from funds otherwise belonging to the SBA.

78. Defendants Carole R. Hayles, Jasmin S. Hayles, and Ciarra N. Hayles, have each retained the funds from the estate of William Hayles, III, which otherwise were owed to the SBA.

79. Carol R. Hayles has been unjustly enriched having received funds owed to the SBA pursuant to 31 U.S.C. § 3713(a)(1)(B).

80. Defendant Jasmine S. Hayles has been unjustly enriched having received funds owed to the SBA pursuant to 31 U.S.C. § 3713(a)(1)(B).

81. Defendant Ciarra N. Hayles has been unjustly enriched having received funds owed to the SBA pursuant to 31 U.S.C. § 3713(a)(1)(B).

WHEREFORE, the United States prays this Court enter judgment in its favor and against Defendants Carol R. Hayles; Jasmine S. Hayles; and Ciarra N. Hayles in the amount of $58,782.19 plus interest accrued at the appliable statutory rate and award the United States all such other relief as may be appropriate and just.

        Respectfully submitted,

        THOMAS C. ALBUS
        United States Attorney


        /s/ *Joshua M. Jones*
        JOSHUA M. JONES #61988MO
        Assistant United States Attorney
        Thomas F. Eagleton U.S. Courthouse
        111 South Tenth Street, 20th Floor
        St. Louis, Missouri 63102
        (314) 539-2310
        (314) 539-2287 fax
        joshua.m.jones@usdoj.gov